18-745
*Jackson v. New York City Department of Education*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand nineteen.

Present:
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

---

PHOEBE JACKSON,

> *Plaintiff-Appellant*,

v.                                                          18-745

NEW YORK CITY DEPARTMENT OF EDUCATION,

> *Defendant-Appellee*,

PRINCIPAL DAWN J. BOURSIQUOT, CHANCELLOR CARMEN FARINA, P.S. 173, ASSISTANT PRINCIPAL KEVIN GOODMAN, DIRECTOR CHARLES PEOPLES,

> *Defendants*.*

---

*The Clerk of Court is respectfully instructed to amend the caption as set forth above.

1

For Plaintiff-Appellant:    ANDREA RISOLI, Risoli Law Offices, New York, NY.

For Defendant-Appellee:    JANET L. ZALEON, Assistant Corporation Counsel (Richard Dearing, Deborah A. Brenner, *on the brief*), for Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Phoebe Jackson ("Jackson") appeals from an award of summary judgment to Defendant-Appellee New York City Department of Education ("DOE") entered on February 16, 2018, on Jackson's claims of discrimination, retaliation, and hostile work environment brought pursuant to the Americans with Disabilities Act of 1990 (the "ADA") and the Rehabilitation Act of 1973.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To show a genuine dispute, the nonmoving party must provide "evidence . . . from which a reasonable inference in . . . [its] favor may be drawn." *Binder & Binder PC v. Barnhart*, 481 F.3d 141, 148 (2d Cir. 2007) (internal quotation marks omitted). "We review *de novo* a district court's grant of summary judgment, 'construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor.'" *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016) (quoting *Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011)). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Claims under the ADA and the Rehabilitation Act proceed under the burden-shifting

analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown*, 294 F.3d 35, 48–49 (2d Cir. 2002) (applying the *McDonnell Douglas* analysis to claims brought under the ADA and the Rehabilitation Act), *superseded by statute on other grounds*. Pursuant to this framework, "[a] plaintiff must establish a prima facie case; the employer must offer through the introduction of admissible evidence a legitimate non-discriminatory reason for the [adverse employment action]; and the plaintiff must then produce evidence and carry the burden of persuasion that the proffered reason is a pretext." *Cortes v. MTA N.Y.C. Transit*, 802 F.3d 226, 231 (2d Cir. 2015) (internal quotation marks omitted).

To establish a *prima facie* case under the ADA, a plaintiff must show that "(1) [her] employer is subject to the ADA; (2) [she] was disabled within the meaning of the ADA; (3) [she] was qualified to perform the essential functions of [her] job, with or without reasonable accommodation; and (4) [she] suffered adverse employment action because of [her] disability." *Giordano v. City of New York,* 274 F.3d 740, 747 (2d Cir. 2001) (citation omitted); *see also Reg'l Econ. Cmty. Action Program,* 294 F.3d at 48–49 (noting that the *prima facie* case for the ADA and Rehabilitation Act is the same as relevant here).

We conclude that even assuming that Jackson has established a *prima facie* case of disability-based discrimination, she has failed to produce sufficient evidence for a reasonable factfinder to conclude that the allegedly adverse employment actions were motivated by discrimination rather than the DOE's proffered reasons. *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000). The record reveals that the DOE has provided "legitimate, non-discriminatory reason[s]," *McDonnell Douglas*, 411 U.S. at 802, for all of Jackson's negative performance evaluations and transfers, including contemporaneous letters detailing Jackson's

insufficient lesson plans and difficulties in supervising and disciplining students, evidence of an incident in which Jackson left a student unattended in a classroom, and evidence of Jackson's attendance issues. Jackson has failed to offer evidence that would provide a basis for a reasonable jury to conclude that the DOE's rationales are pretextual and that she instead endured these allegedly adverse employment actions as a result of discriminatory animus. *See Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997) ("[E]ven in the discrimination context, a plaintiff must provide more than conclusory allegations of discrimination to defeat a motion for summary judgment."). Accordingly, we conclude that the district court did not err in dismissing Jackson's ADA and Rehabilitation Act discrimination claims and granting the DOE's motion for summary judgment.

For similar reasons, we also affirm the district court's decision to grant the DOE summary judgment on Jackson's retaliation claim. The *McDonnell Douglas* burden-shifting analysis also applies to retaliation claims. *See Treglia v. Town of Manlius,* 313 F.3d 713, 719 (2d Cir. 2002). Again, even assuming that Jackson adequately established a *prima facie* showing of retaliation, the DOE has articulated "legitimate, non-retaliatory reasons for each of the alleged adverse employment actions taken against" Jackson. *Id.* at 721. Jackson, for her part, has failed to produce sufficient evidence that any actions taken against her were motivated by retaliation, rather than the DOE's stated reason.

Finally, we affirm the district court's decision to grant the DOE summary judgment on Jackson's "hostile work environment" claim, to the extent that her complaint can be read to raise that claim. To bring such a claim, a plaintiff must show "(1) that the harassment was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment, and (2) that a specific basis exists for imputing the objectionable conduct to the

4

employer." *Fox v. Costco Wholesale Corp*., 918 F.3d 65, 74 (2d Cir. 2019) (internal quotation marks omitted). Additionally, "the plaintiff also must show that the hostile conduct occurred because of a protected characteristic." *Tolbert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015). Jackson's generalized account of antagonism directed toward her by school administrators fails to demonstrate that the conduct alleged rose to the level of pervasive hostility that is required to survive summary judgment. Moreover, Jackson has failed to put forth sufficient evidence of a causal connection between the school administration's allegedly hostile conduct toward her and her disability. Accordingly, the district court did not err in dismissing her hostile work environment claim at the summary judgment stage.

We have considered Jackson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5